UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD MCCRACKEN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-908-PPS-AZ |
| KIRBY and HENSLEY, | |
| Defendants. | |

OPINION AND ORDER

Richard McCracken, a prisoner without a lawyer, is proceeding in this case on two claims: (1) against Sergeant Megan Hensley "in her personal capacity for monetary damages under the Eighth Amendment for failing to intervene in the use of excessive force by Officer John Doe;" and (2) against Sgt. Hensley and Sergeant Kameo Kirby "in their personal capacity for monetary damages for denying him the minimal civilized measure of life's necessities in violation of the Eighth Amendment[.]" ECF 14 at 8. On October 21, 2024, the defendants filed a motion for summary judgment. ECF 75. With the motion, the defendants provided McCracken the notice required by N.D. Ind. L.R. 56-1(f). ECF 78. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. On March 6, 2025, the court extended

McCracken's deadline to respond until April 7, 2025, and cautioned him that if he did not file a response by the deadline the court may rule on the summary judgment motion without a response. ECF 79. This deadline passed over three months ago, but McCracken still has not responded. Therefore I will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

The defendants argue summary judgment is warranted in their favor on both of McCracken's claims because (1) the claims fail on the merits and, regardless, (2) they were not personally involved in either alleged constitutional violation. Section 1983 requires a plaintiff to show more than just a violation of a constitutional right. To

recover damages from a defendant, he must also prove that defendant was personally involved in the violation. *See Kuhn v. Goodlow*, 678 F.3d 552, 555-56 (7th Cir. 2012) ("§ 1983 liability is premised on the wrongdoer's personal responsibility"); *see also Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (a defendant cannot be liable without "a showing of direct responsibility for the improper action[.]"). Therefore, "[a]n individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Kuhn*, 678 F.3d at 556 (citing *Wolf-Lillie*, 699 F.2d at 869). Put otherwise, individuals will only be liable for their own misconduct, unless they are responsible for creating the peril that leads to the constitutional violation. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

*Failure to intervene claim against Sgt. Hensley*

McCracken is proceeding against Sgt. Hensley "for failing to intervene in the use of excessive force by Officer John Doe[.]" ECF 14 at 8. Specifically, McCracken alleged in his complaint that Sgt. Hensley was "standing nearby" and failed to intervene when Officer Doe sprayed McCracken with OC (or oleoresin capsicum) spray. *Id.* at 2. The amended complaint alleges that the incident happened between the dates of March 15, 2022, and April 15, 2022. ECF 7 at 3.

Sgt. Hensley argues she was not personally involved in this claim because McCracken admitted in his deposition testimony that he was not sure where Sgt. Hensley was located when Officer Doe sprayed him with OC spray. ECF 76 at 4. Specifically, McCracken conceded at his deposition that he was "not for sure" where Sgt. Hensley was located when he was sprayed with OC spray, that she may have been

3

15-20 feet away in the sallyport, and that she only showed up once a signal was called *after* the application of OC spray. ECF 75-1 at 34-36. Sgt. Hensley states in her answers to interrogatories she has no recollection whatsoever of this incident, and does not recall witnessing Officer Doe spray McCracken with OC spray. ECF 71 at 2-4.

Here, to survive summary judgment on this claim, McCracken needed to provide evidence that Sgt. Hensley "had a realistic opportunity to intervene to prevent" Officer Doe from deploying OC spray. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). It's undisputed that Sgt. Hensley does not recall witnessing Officer Doe's use of OC spray, and that McCracken was "not for sure" where Sgt. Hensley was located when he was sprayed by Officer Doe. Because there is no evidence in the record that Sgt. Hensley was present at the time Officer Doe sprayed McCracken with OC spray, no reasonable jury could conclude (1) she had a realistic opportunity to intervene to prevent Officer Doe from using OC spray or (2) she was otherwise personally involved in this alleged constitutional violation. For both of these reasons, summary judgment is warranted in favor of Sgt. Hensley on this claim.

*Conditions of confinement claim against Sgt. Hensley and Sgt. Kirby*

McCracken is proceeding against Sgt. Hensley and Sgt. Kirby "for denying him the minimal civilized measure of life's necessities in violation of the Eighth Amendment[.]" ECF 14 at 8.

The Eighth Amendment prohibits inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In evaluating a conditions of confinement claim, courts conduct both an objective and a subjective inquiry. *Id*. On the subjective prong,

4

the prisoner must allege the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. Specifically, the plaintiff must provide evidence the defendant knew "the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)).

With regard to both defendants, McCracken alleged in his amended complaint they were deliberately indifferent because they escorted him to his new cell in A-dormitory where he was housed without hygiene products, bedding, clothing, and other personal items. ECF 14 at 3. Both defendants argue they were not deliberately indifferent because their only involvement was to escort McCracken to his new cell in A-dormitory and they never saw him after that escort and were not aware he was being denied any items while housed in A-dormitory. Specifically, Sgt. Kirby cites to his interrogatory response where he agreed he escorted McCracken to A-dormitory but asserted that (1) he was "not the individual who handled" McCracken's property, (2) McCracken's property had "to be taken to internal affairs first to be searched and inventoried" before McCracken could receive the property, and (3) all inmates are

5

"given a hygiene kit in a timely manner" when they get to A-dormitory. ECF 73 at 2-3.[1] Similarly, Sgt. Hensley cites to McCracken's deposition testimony, where he admitted he never saw Sgt. Hensley again after he was placed in his new cell in A-dormitory. ECF 75-1 at 45. Recall again that McCracken has not responded to the summary judgment motion and has not proffered any evidence in support of his case. As a result, it's undisputed that the defendants' only involvement was to escort McCracken to his new cell in A-dormitory, and there's no evidence either defendant was responsible for providing McCracken his property or was ever aware he was being denied any property in the A-dormitory, no reasonable jury could conclude that either defendant (1) knew of and disregarded a serious risk of harm to McCracken or (2) was otherwise personally involved in this alleged constitutional violation.

McCracken also alleged in his amended complaint that Sgt. Hensley was deliberately indifferent for refusing to provide him a shower during the escort to his new cell following Officer Doe's application of OC spray. ECF 14 at 2, 4-5. Crucially, because McCracken failed to respond to the motion for summary judgment, he has not provided any evidence whatsoever supporting this allegation. *See Goodman*, 621 F.3d at 654 (a party opposing a summary judgment motion may not merely rely on the allegations in his complaint but must "marshal and present the court with the evidence [he] contends will prove [his] case.").

---

[1] Because McCracken did not respond to the summary judgment motion, I accept these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

Sgt. Hensley argues she was not deliberately indifferent because McCracken could have washed off the OC spray using the working sink in his new cell, and cites to McCracken's deposition testimony that his new cell had a working sink and running water at the time he arrived. ECF 76 at 11; ECF 75-1 at 51-52. McCracken does not designate any portions of his testimony as evidence for this court to review, and provides no evidence supporting his allegation that Sgt. Hensley failed to provide him with a shower or refuting Sgt. Hensley's argument that he could have used the working sink in his cell to wash off the OC spray. Under the circumstances, where there is unrefuted evidence that McCracken had access to a sink with running water and he could have presumably washed the chemical agent off his skin, no reasonable jury could conclude McCracken has satisfied the "high hurdle" of showing Sgt. Hensley exhibited "a total unconcern for [his] welfare in the face of serious risks." *Stockton*, 44 F.4th at 615.

Judge Leichty recently decided a case involving a claim of deliberate indifference after an inmate was sprayed with OC spray, and then had to wait in his cell for several hours before he received a decontamination shower. *Reed v. Roberts*, No. 3:22-CV-361-DRL, 2024 WL 4200440, at *5 (N.D. Ind. Sept. 13, 2024). There, Judge Leichty decided the defendants were not deliberately indifferent because the inmate had access to a working sink in his cell and there was "no evidence [the inmate] was prevented from washing his face in his cell while waiting for his decontamination shower". Of course in *Reed*, the inmate only waited a few hours until his decontamination shower and in this case, McCracken alleges in the amended complaint that they were taking him to a

7

decontamination shower after he was sprayed, but when he refused to remain quiet about the situation, they decided to deny him the decontamination shower entirely. ECF 7 at 5. McCracken alleges they left him in the cell with the agent all over his body and burning his eyes, skin, and throat. *Id.* But allegations in a complaint are not evidence, and as I mentioned before, he submits no evidence in support of this bald allegation and in light of the uncontroverted evidence that he did have a sink with running water in his cell, I cannot say that summary judgment should be denied on this claim.

Thus, there's insufficient evidence in the record by which a reasonable jury could conclude that either defendant was deliberately indifferent to McCracken's welfare. Summary judgment is therefore warranted in favor of both defendants on this claim.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 75); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Richard McCracken and to close this case.

ENTERED: August 20, 2025.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**